NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 09-CV-404-JMH

CALVIN LEE GODDARD                                                     PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

CLERK LESLIE G. WHITMER                                                DEFENDANT

*** *** *** ***

Calvin Lee Goddard, an individual who is currently incarcerated in the Federal Medical Center ("FMC")-Lexington, in Lexington, Kentucky, has submitted a *pro se* document which the Clerk of the Court has construed as a Complaint filed under the Freedom Of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq*.  The Plaintiff's document also references the Privacy Act ("PA") as 5 U.S.C. § 552a.

The initiating pleading/construed Complaint is now before the Court for screening.  28 U.S.C. § 1915A; *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

**ALLEGATIONS AND CLAIMS**

The Court first notes the nature of the 1 ½ -page document/construed Complaint.  [R.2]  At the top of the page, the Plaintiff has typed the following as a title:  Request Under the Freedom of Information Act/Privacy Act.  He has then styled the first page as a memo from him to the United States District Court for the Eastern District of Kentucky, on Barr Street in Lexington, Kentucky.

After referring to FOIA and the PA, in the body of the first paragraph, the Plaintiff states that he is "requesting a copy of any and all Affidavits of Bias and Prejudice filed against any Judge of this District between the years of 1997 to the present."

In the remainder of the first page and second page, the Plaintiff alleges that the Chief Judge of the United States Court of Appeals for the Sixth Circuit has held a convocation of some kind, in which the General Counsel of the Administrative Office of the Courts purportedly admits that "the Eastern District Court is a private Court. This may appear in 1997 or 1998."

The envelope containing this document was addressed to: Clerk, United States District Court, Eastern District of Kentucky. Therefore, the mailing was received in the Clerk's office. A deputy clerk construed the document as a pleading and set up a new case file, based on jurisdiction under FIOA. Perhaps it should have not been construed thus. Perhaps it should have been treated as a FOIA request.

This Court is of the opinion that it matters not what label is placed on the document. Regardless of the construction, the request made therein must be denied and any lawsuit must be dismissed on the same ground: that this Court lacks jurisdiction over the matter.

## DISCUSSION

FOIA, enacted September 6, 1966, 80 Stat. 383, and now codified as amended at 5 U.S.C. §§ 552 *et seq.*, is designed to provide public access to records compiled and created by agencies of the federal government. It provides that the person interested in information in an agency's files must strictly adhere to agency's administrative scheme to obtain it. See 5 U.S.C. § 552(a)(6)(A).

Under FOIA, the interested person must request specific information in accordance with 5 U.S.C. §552(a)(1)-(3), have the request refused by the agency, and exhaust any administrative

appeal procedures with the agency before proceeding to federal court.  *See Wilbur v. CIA*, 355 F.3d 675, 676 (D.C.Cir.2004) (per curiam) ("Exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA."); *McDonnell v. United States*, 4 F.3d 1227, 1240 (3d Cir. 1993) (holding that plaintiff had an obligation to pursue administrative remedies prior to filing suit). In addition, a plaintiff must allege in his complaint that "he exhausted his remedies under FOIA" in order to properly plead a case.  *Scherer v. Balkema*, 840 F.2d 437, 443 (7th Cir. 1988) (citing *Hedley v. United States*, 594 F.2d 1043 (5th Cir. 1979)).  "In the absence of such an allegation, [a plaintiff] states no claim upon which relief can be granted."  *Scherer*, 840 F.2d at 443.  *See also Berg v. Obama*, 574 F.Supp.2d  509, 527-28 (E.D. Pa. 2008) (citing other courts' dismissals for failure to exhaust FOIA claims); *O'Connor v. Solicitor of Labor*, No 06-10670, 2006 WL 1897430 at *1 (E.D. Mich. 2006) (citing *Dettman v. U.S. Dep't of Justice*, 802 F.2d 1972 (D.C.Cir. 1986));

Thus, it is only after exhausting the matter administratively that a requester may come to court with a complaint, accompanied by copies of the request he or she made and the agency's response.  The instant Plaintiff did not do this.  Therefore, dismissal of his construed Complaint is appropriate.  If the Plaintiff's submission in this case was just intended to be his initial FOIA request and has been misconstrued by the Clerk, the result is the same.  The request must be denied and the lawsuit must be dismissed, because the federal courts are exempt from compliance with FOIA.  *See* 5 U.S.C. 551(a); *Brown & Williamson Tobacco Corp. v. Federal Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983).

The language of the statute is quite clear.  Only "agencies" must comply with FOIA -- the federal courts do not.  Federal courts are specifically excluded in **5 U.S.C. § 551. Definitions**:

**For the purpose of this subchapter--**

3

**(1)** "agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include--
> (A) the Congress;
> (B) the courts of the United States;
> . . . .

5 U.S.C.A. § 551.  On the face of the statute, the District Court, therefore, is not subject to FOIA.

The second legislation upon which the instant Plaintiff relies is the Privacy Act of 1974, 5 U.S.C. § 552a, which was enacted to protect against invasion of an individual's personal privacy by requiring governmental *agencies* to maintain accurate records and providing individuals with more control over the gathering, dissemination, and accuracy of *agency* information about themselves. On its face, this legislation, like FOIA, also speaks in terms of agencies, not courts.  5 U.S.C. § 552a(a)(1); *see also Windsor v. The Tennessean*, 719 F.2d 155, 159-60 (6th Cir. 1983).  Additionally, the PA is limited to information relating to the requester only, *i.e.*, "information about themselves," not federal judges.  And the PA, too, requires exhaustion of the administrative process before filing a lawsuit, as a jurisdictional requirement.  *Williams v. Bezy*, 97 F.App'x 573 (6th Cir. 2004).

Thus, as with FOIA, whether the Plaintiff's PA claim is construed as an initial request or as a civil action to force the Court to surrender the material sought, the claim must be denied and this cause dismissed.  In sum, Goddard must come away empty-handed.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

1.      Calvin Lee Goddard's cause of action is **DISMISSED**, *sua sponte*, with prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the construed Defendant, Clerk Leslie G. Whitmer;

2.      this matter **IS STRICKEN** from the Court's active docket;

4

3.      this is a **FINAL** and **APPEALABLE** Order; further, there is no just cause for delay;

and

4.      the Court **CERTIFIES** that any appeal would not be taken in good faith.

This the 6th day of January, 2010.



Signed By:

Joseph M. Hood

Senior U.S. District Judge